# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| J & M SALES, INC., *et al.*, | ) | Case No. 18-11801 (JTD) |
| | ) | |
|     Debtors. | ) | |
| PEGASUS TRUCKING, LLC, a Delaware | ) | |
| Limited liability company | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 19-50267 (JTD) |
| | ) | |
| GEORGE MILLER, solely in his capacity as | ) | |
| Chapter 7 trustee for the bankruptcy estates | ) | |
| of J & M Sales, Inc., and its affiliated debtor | ) | |
| entities; GORDON BROTHERS RETAIL | ) | |
| PARTNERS, LLC, a Delaware limited liability | ) | |
| company; GORDON BROTHERS FINANCE | ) | |
| COMPANY, a Delaware limited liability | ) | |
| Corporate; and GORDON BROTHERS | ) | |
| FINANCE COMPANY, LLC, a Delaware | ) | |
| limited liability company, | ) | |
| | ) | |
|     Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff Pegasus Trucking, LLC ("Plaintiff" or "Pegasus") filed the above Adversary Proceeding to recover funds that it alleges were wrongfully withheld from it by Defendants. [Adv. D.I. 1]. Defendant George Miller (in his capacity as chapter 7 trustee for the bankruptcy estates of J & M Sales, Inc., and affiliated entities) ("Trustee" or "Debtors") filed a Motion to Dismiss Complaint [Adv. D.I. 8] to which Defendants Gordon Brothers Finance Company and Gordon Brothers Finance Company, LLC

("Gordon Brothers") joined.¹ [Adv. D.I. 9]. On November 13, 2019, the Court heard arguments on the Motion to Dismiss and issued an oral ruling dismissing Count I and Counts III-VIII with prejudice and dismissing Count II without prejudice, to be resolved through the administrative claims process in the main case. The Court issued the Order giving effect to its ruling on November 25, 2019. [Adv. D.I. 25]. The Plaintiff filed a Motion for Reconsideration of Dismissal of Complaint (the "Motion") on December 9, 2019. [Adv. D.I. 26]. For the reasons detailed below, the Plaintiff's Motion is denied.

## JURISDICTION

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

On August 6, 2018, the Debtors filed voluntary chapter 11 petitions in this Court.² [Adv. D.I. 1, ¶ 9]. During the Debtors' case, Pegasus purchased 85 of the Debtors' store locations, with the order entered on October 17, 2018 and the sale closed on October 19, 2018. [*Id.* at ¶ 10]. In connection with the sale, Pegasus and the Debtors entered into a Transition Services Agreement ("TSA") filed on November 19, 2018 which, among other things, provided for Pegasus to use the Debtors' credit and debit card processing firms and accounts until December 31, 2018. [*Id.* at ¶¶ 10, Adv. D.I. 1-1

---

¹ Gordon Brothers Retail Partners, LLC was voluntarily dismissed from this Adversary Proceeding. [Adv. D. I. 7].

² The cases were converted to chapter 7 on February 4, 2019.

2

at ¶ 5(a)]. Gordon Brothers, the Debtors' liquidator, was to receive the funds from the card processors and transfer the funds (net of processing fees) to Pegasus within 48 hours of receiving credit or debit card funds that were generated from the Pegasus outlets. [Adv. D.I. 1, ¶¶ 13-15].

On June 3, 2019, Pegasus filed an administrative claim [D.I. 1515] asserting that the Debtors are holding at least $390,000.00 of funds generated through credit card processing that rightly belong to Pegasus. On June 25, 2019, Pegasus filed this Adversary Proceeding against the Trustee and Gordon Brothers for recovery of those same funds, alleging 8 counts: (I) Declaratory Relief; (II) Breach of Contract; (III) Conversion; (IV) Wrongful Withholding of Funds and Imposition of Constructive Trust; (V) Money Had And Received; (VI) Open Book Account; (VII) Account Stated; and (VIII) Accounting. [Adv. D.I. 1]. Defendants filed Motions to Dismiss on August 22, 2019. [Adv. D.I. 8, 9].

A hearing on the Motions to Dismiss was held on November 13, 2019 with the Court issuing an oral ruling dismissing Count I and Counts III-VIII with prejudice and dismissing Count II without prejudice, to be dealt with through the administrative claims process. [Adv. D.I. 21]. The Order dismissing the Complaint was entered on the docket on November 25, 2019. [Adv. D.I. 25]. Pegasus filed the instant Motion for Reconsideration of Dismissal of Complaint on December 9, 2019. [Adv. D.I. 26]. On February 6, 2020, the Court requested a further letter briefing from the parties [Adv. D.I. 32] to which both Pegasus [Adv. D.I. 34] and Gordon Brothers [Adv. D.I. 35] responded. The Trustee submitted a joinder to Gordon Brothers' brief. [Adv. D.I. 36].

**STANDARD OF REVIEW**

The Plaintiff brings this Motion for Reconsideration pursuant to the Federal Rules of Bankruptcy Procedure 9023 and 9024 which incorporate the Federal Rules of Civil Procedure 59 and 60 by reference. Fed. R. Bankr. P. 9023, 9024. A motion for reconsideration filed within 14 days of the entry of judgment may be analyzed under either Rule 59(e) or Rule 60(b). *In re Jager*, 597 B.R. 796, 806 (Bankr. W.D. Pa. 2019) *citing Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985). The Motion was filed within 14 days of the entry of judgment in this matter. [Adv. D.I. 25, 26]. Since the Motion is styled as a motion for reconsideration, the Court will analyze the Motion as one under Rule 59(e).

Under Rule 59(e), a judgment may be altered or amended upon a showing of: (1) an intervening change in the law; (2) the availability of new evidence that was not available when the court rendered its judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A party must show pertinent case law or a fact that the Court may have overlooked. *Tischio v. Bontex, Inc.*, 16 F.Supp.2d 511, 532 (D. N.J. 1998). A motion for reconsideration is not an appropriate forum to introduce evidence that was available during the case but not presented. *Bermingham v. Sony Corp. of America, Inc.*, 820 F.Supp. 834, 856 (D. N.J. 1992) *affd*, 37 F.3d 1485 (3d Cir. 1994).

**DISCUSSION**

The Plaintiff does not allege any change in the law or new evidence but asserts that the dismissal of the Complaint at this stage "represents a manifest error of law and injustice, and should be reconsidered and corrected." [Adv. D.I. 26, ¶ 1]. The Plaintiff

4

asserts two causes for relief. First, that the remaining breach of contract count does not address the Plaintiff's "chief allegation" that the funds in question belong to Pegasus irrespective of the existence of the contract and that even a successful breach of contract determination in the proof of claim proceedings would not offer full relief due to only receiving a pro rata share of estate funds. [*Id.* at ¶¶ 23, 25]. In its second claim for relief, Pegasus contends that by dismissing the Complaint and leaving it only the ability to pursue an administrative expense claim, the Court cut off Pegasus from any relief or recovery from Gordon Brothers. [*Id.* at ¶¶ 30-32].

In its first claim for relief, Pegasus asserts that "on multiple occasions throughout the Complaint and in connection with virtually every count in the Complaint, Plaintiff expressly alleged that the 'Pegasus Funds belong to, and are the exclusive property of, Pegasus.'" [*Id.* at ¶ 24]. Indeed, Pegasus sought such a determination from the Court in Count I (Declaratory Relief) of the Complaint and refers to the funds in question as "Pegasus Funds" in all other counts as well. [Adv. D. I. 1]. Pegasus is asserting that the Court did not properly consider Pegasus' overarching contention that the funds in question belong to Pegasus, "irrespective of, and having nothing to do with, the contract." [Adv. D.I. 26, ¶ 23].

However, in Count II of the Complaint (Breach of Contract) Pegasus acknowledges that the TSA is a valid and enforceable contract between Pegasus and the Debtors, and that the Debtors' duties were assumed by the Debtors' bankruptcy estates. [*Id.* at ¶¶ 30,31]. This position was confirmed at oral argument. [Adv. D.I. 23 at 18-19, ¶¶ 13-15, 25-1]. Further, Plaintiff's counsel also stated that the Plaintiff's claim to these

5

funds arises from the TSA. ("It also doesn't deal with the issue that the TSA says that these funds are our monies . . ."). [*Id.* at 38-39, ¶¶25, 1-2]. As acknowledged by the Plaintiff and stated in the Court's ruling, Pegasus' claim to these funds stems from a valid express contract which governed the parties' relationship. Where there is no dispute as to the existence or validity of an express contract that governs the parties' relationship, alternative theories of recovery must fail. *Total Coverage, Inc. v. Cendant Settlement Services Group, Inc.*, 252 Fed. Appx. 123, 126 (9th Cir. 2007). Tort recovery is precluded in non-insurance breach of contract cases unless there is a violation of a duty independent of the contractual obligations. *Congdon v. Uber Technologies, Inc.*, No. 16-cv-02499-YGR, 2018 WL 2971058, *3 (N.D. Cal. June 13, 2018); *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 481 (Cal. 1994). Pegasus does not allege any torts by Gordon Brothers beyond Gordon Brothers' actions in its role as an alleged agent. Further, the TSA itself bars tort damages:

> Under no circumstances shall Buyer or Sellers be liable to the other(s) for economic, incidental, consequential, indirect, special, punitive or exemplary damages or lost profits, whether foreseeable or unforeseeable, whether claimed under contract, tort, breach, failure of warranty, or any other legal theory.

[Adv. D.I. 1-1 at ¶ 13(b)]. Since there is an express contract governing the parties' relationship, breach of contract is the only viable cause of action for Pegasus to seek redress.

In its second claim for relief, Pegasus asserts that the dismissal of the Complaint, which limited it to recovery through the administrative claims process, unjustly bars it from seeking relief from Gordon Brothers [Adv. D.I. 26, ¶ 30] as Gordon Brothers "is

6

actually not a party to the TSA" and not a party to the administrative proceedings. [*Id.* at ¶¶ 30, 31] (citing Adv. D.I. 23 at 17, ¶¶ 9-10). The Complaint states that Gordon Brothers "acted as an agent to the Debtors" and that Gordon Brothers is bound by the TSA, "in its capacity as agent for or representative of the Debtors . . ." [Adv. D.I. 1, ¶¶ 6, 10(b), 32]. However, pursuant to the TSA, it is the responsibility of the Debtors to remit the credit card proceeds from the Pegasus stores to Pegasus. [Adv. D.I. 1-1, ¶ 2(b)(ii)]. The Plaintiff's Complaint did not assert a theory of liability of Gordon Brothers other than through its actions on behalf of the Debtors. A comment by Plaintiff's counsel raising this issue after the decision was rendered by the Court does not save it.[3]

Since Pegasus' theory of the liability of Gordon Brothers was based on Gordon Brothers' alleged actions as the Debtors' agent, the Court was faced with the question of whether an alleged agent of a contract counterparty can be held liable when the identity of the principal is disclosed. Since the parties had not briefed this particular issue, the Court requested letter briefings from the parties. [Adv. D.I. 32].

In its letter brief, Gordon Brothers cites to cases that hold that under California law,[4] an agent cannot be held liable for actions taken on behalf of a disclosed principal. [Adv. D.I. 35 at 2] (*citing Cruz v. U.S.,* 219 F.Supp.2d 1027, 1038 (N.D. Cal. 2002) ("It is a matter of basic California contract law that where his principal is disclosed an agent

---

[3] After this Court's ruling, the Plaintiff's counsel made the following comment: "Your Honor, as you're talking, I'm just thinking. Our proof of claim will not address our claims against Gordon Brothers . . ."

[4] The TSA contained a choice of law provision: "This Agreement shall be controlled, construed and enforced in accordance with the laws of the State of California applicable to agreements made and to be performed in that State." [Adv. D.I. 1-1, ¶ 15(h)].

7

cannot be held liable for breach of a contract to which he is not a party."); *Farrar v. Am. Nat'l Prop. & Cas. Co.*, No. 1:15-CV-01177-TLN-SKO, 2019 WL 2369930, *5 (E.D. Cal. June 5, 2019) ("[A] breach of contract is inapplicable to an agent of a disclosed principal because 'an agent cannot be held liable for breach of a duty which flows from a contract to which he is not a party.'") (internal citations removed).

In its brief, Pegasus concedes that the general rule is that where there is no contract between the agent and the third party, an agent acting on the principal's behalf cannot be held liable for a failure of the principal to perform. [Adv. D.I. 34 at 1]. Notwithstanding that principle, Pegasus asserts that pursuant to Section 2343 of the California Civil Code, an agent can be held liable for acts that are wrongful; in other words, acts of the agent that are tortious. *Id. (citing Peredia v. HR Mobile Services, Inc.*, 25 Cal. App. 5th 680, 693 (Cal. Ct. App. 2018)).

Cases cited by Pegasus in support are distinguishable from the instant case as they involve the agent either actively taking on a duty or having a statutorily imposed duty to the contracting party, neither of which is present here. In *Bayuk v. Edson*, 236 Cal. App. 2d 309 (Cal. Ct. App. 1965), homeowners sued a licensed architect and his purported agent for negligence in performance of a contract for architectural services. The court affirmed that both the architect and his purported agent were liable, stating that the purported agent, while acting under a contract between his principal and the homeowners "had personally agreed with plaintiffs to perform" and thereby assumed a duty. 236 Cal. App. 2d at 320. In *Lingsch v. Savage*, 213 Cal. App. 2d 729 (Cal. Ct. App. 1963) the purchasers of real estate filed suit against the former owner of the property

8

and his broker asserting fraud through failure to disclose known defects. In deciding that the plaintiff would be granted leave to amend his complaint against the broker, the court found that pursuant to California law, a real estate agent has a duty, independent of the seller, to disclose known defects and could be jointly and severally liable for the full amount of any damages. 213 Cal. App. 2d at 736-37.

Section 2343 of the California Civil Code does not "alter the common law rule of nonliability of an agent to third parties for failure to perform his duties to his principal." *Mears v. Crocker First Nat. Bank of San Francisco*, 97 Cal App.2d 482, 491 (Cal. Ct. App. 1950). The Plaintiff has not shown that Gordon Brothers owed any duty to Pegasus independent of the Debtors' duty to Pegasus. Gordon Brothers, as Debtors' alleged agent, cannot be held liable for an alleged breach of an agreement between Pegasus and the Debtors.

Parties to a contract voluntarily assume the rewards and the risks of a deal, including the risk of a breach. *Robinson Helicopter Co., Inc. v. Dana Corp.*, 102 P.3d 268, 275 (Cal. 2004). Allegations of a post-petition breach of contract by a debtor in bankruptcy are appropriately dealt with via the administrative claims process. *See In re United Trucking Service, Inc.,* 851 F.2d 159, 162 (6th Cir. 1988). (finding that a post-petition breach of contract by a chapter 11 debtor is properly treated as an administrative expense). Pegasus was aware that it was contracting with a debtor in bankruptcy; it cannot now complain about the Bankruptcy Code's administrative process used to redress the Debtors' alleged breach of the TSA.

## **CONCLUSION**

The issues raised by Pegasus in its Motion for Reconsideration do not support a finding of a clear error of law or fact or a finding of manifest injustice as would be necessary to grant the Plaintiff's Motion. Therefore, the Plaintiff's Motion for Reconsideration of Dismissal of Complaint is denied. The Court will enter an order giving effect to this ruling.

Dated: March 13, 2020

                                                    JOHN T. DORSEY, U.S.B.J.